**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

MICHAEL T. BAKER,

    Plaintiff,

    v.                                        Case No.: 3:08-cv-209-RV-EMT

EMERALD GRANDE, INC.,
*A Florida Corporation*,

    Defendant.
_____/

## ORDER

    In March 2007, the plaintiff, Michael T. Baker, entered into two contracts with the defendant, Emerald Grande, Inc., ("the Contracts") for the purchase of two pre-constructed condominium units. A dispute later arose between the parties, and the plaintiff filed suit against the defendant in federal court, asserting state law claims for breach of contract; breach of the covenant of good faith and fair dealing; violation of Florida Statute Section 718.503; and unjust enrichment; as well as federal claims under the Interstate Land Sales Full Disclosure Act [15 U.S.C. §§ 1703, *et seq*.] ("ILSFDA"). The defendant thereafter filed a motion to dismiss on two principal grounds. First, that the Contracts contain a forum selection clause that precludes litigation anywhere except "the Circuit and County Courts of the 1st Judicial Circuit, in and for Okaloosa County." And second, that the ILSFDA claims must fail because the condominium construction project --- which was scheduled to be completed within two years --- is exempt under the statute.

    The Eleventh Circuit is presently considering two appeals that are relevant to both grounds raised in the defendant's motion to dismiss. *See Emerald Grande, Inc. v. Junkin,* 08-14599 (concerning the forum selection clause issue); and *Stein v. Paradigm Mirasol, LLC,* 08-10983 (concerning the ILSFDA issue). In fact, *Junkin* involved the defendant, Emerald Grande, Inc., and it involved the same exact forum selection clause. *See generally Emerald Grande, Inc. v. Junkin,* 2008 WL 2776229 (N.D. Fla. July

15, 2008). The district court in that case held that the clause under review was enforceable as a mandatory forum selection clause and that the circuit and county courts of Okaloosa County were the exclusive venue for any litigation arising under the Contracts. *See id.* at *3-4*. Therefore, the district court held, "it is clear this action must be litigated in an Okaloosa County state court." *Id.*

On November 6, 2008, I invited the parties to file memoranda setting forth their position on whether the motion to dismiss should be held in abeyance, and this case stayed, pending resolution of *Junkin* and/or *Stein*. The parties have since filed their respective memoranda. The plaintiff wants the case to continue without interruption, but the defendant asks that the case be stayed until the appeals are resolved because the "issues are identical," and to continue the case "while dispositive cases are on appeal would be an inefficient use of judicial resources and cause unnecessary expenditures of litigation costs by the parties."

I agree with the defendant. The issue being considered on appeal in *Junkin*, in particular, is identical to the one before me. I am being called upon to interpret a forum selection clause that will ultimately be interpreted by the Court of Appeals. It would be an inefficient use of resources to now rule on the issue which the Eleventh Circuit will have the final say.  The *Stein* case also may be instructive in this case.

Accordingly, this case is hereby STAYED pending resolution of the appeals in *Emerald Grande, Inc. v. Junkin,* 08-14599 and *Stein v. Paradigm Mirasol, LLC,* 08-10983.[1]

DONE and ORDERED this 2nd day of January, 2009.

>    */s/ Roger Vinson*
>    ROGER VINSON
>    Senior United States District Judge

---

[1] If one appeal is decided before the other and has dispositive effect, I will take action as appropriate upon a properly-filed motion.

*Case No.: 3:08-cv-209-RV-EMT*