**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

MICHAEL T. BAKER,

    Plaintiff,

    v.                                      Case No.: 3:08-cv-209-RV-EMT

EMERALD GRANDE, INC.,
*A Florida Corporation*,

    Defendant.
_____/

## ORDER

In March 2007, the plaintiff entered into two contracts with the defendant for the purchase of two pre-constructed condominium units. A dispute later arose between the parties, and the plaintiff filed suit in federal court, asserting state law claims for breach of contract; breach of the covenant of good faith and fair dealing; violation of Florida Statute Section 718.503; and unjust enrichment; as well as federal claims under the Interstate Land Sales Full Disclosure Act [15 U.S.C. §§ 1703, *et seq.*] ("ILSFDA"). The defendant thereafter filed a motion to dismiss on two principal grounds. First, that the contracts contain a forum selection clause that precludes litigation anywhere except "the Circuit and County Courts of the 1st Judicial Circuit, in and for Okaloosa County." And second, that the ILSFDA claims must fail because the condominium construction project --- which was scheduled to be completed within two years --- is exempt under the statute.

On January 2, 2009, I entered an order deferring consideration of the motion to dismiss and staying the case pending two ongoing appeals in the Eleventh Circuit that were relevant to both grounds raised in the defendant's motion to dismiss. *See Emerald Grande, Inc. v. Junkin,* 08-14599 (forum selection clause issue); *Stein v. Paradigm Mirasol, LLC,* 08-10983 (ILSFDA issue). *Junkin,* I noted, was particularly relevant because it involved the defendant here, Emerald Grande, Inc., and it involved the same forum selection clause. *See generally Emerald Grande, Inc. v. Junkin,* 2008 WL

2776229 (N.D. Fla. July 15, 2008). The district court in that case determined that the clause under review was enforceable as a mandatory forum selection clause and that the circuit and county courts of Okaloosa County were the exclusive venue for any litigation arising under the contracts. *See id.* at *3-4*. Therefore, the district court held, "it is clear this action must be litigated in an Okaloosa County state court." *Id.*

The Eleventh Circuit recently affirmed the district court's decision in *Junkin* and held that the provision at issue is, indeed, a mandatory forum selection clause. That holding would seem to require that this action likewise be litigated in Okaloosa County state court. But, before ruling, I want to give both sides an opportunity to further address this issue.

Accordingly, counsel for either side may submit within 14 days of this order a short memorandum setting forth their position on whether *Junkin* requires that this case be dismissed pursuant to the forum selection clause.

DONE and ORDERED this 29th day of July, 2009.

>  */s/ Roger Vinson*
> ROGER VINSON
> Senior United States District Judge