**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

MICHAEL T. BAKER,

    Plaintiff,

    v.                                           Case No. 3:08-cv-209-RV-EMT

EMERALD GRANDE, INC.,
*A Florida Corporation*,

    Defendant.
_____/

## ORDER

In March 2007, the plaintiff entered into two contracts with the defendant for the purchase of two condominium units. A dispute arose between the parties, and the plaintiff filed this action in federal court. The defendant thereafter filed a motion to dismiss (doc. 7), contending, *inter alia*, that the contracts contained a forum selection clause that precluded litigation anywhere except "the Circuit and County Courts of the 1st Judicial Circuit, in and for Okaloosa County." I deferred consideration of the motion and stayed the case pending an ongoing appeal in the Eleventh Circuit which involved the same issue, the same defendant, and, in fact, the same forum selection clause. In the order under review in that appeal, the district court had held that the clause was mandatory and that the circuit and county courts of Okaloosa County were the exclusive venue for litigation arising under the contracts. *See Emerald Grande, Inc. v. Junkin,* 2008 WL 2776229, at *3-4 (N.D. Fla. July 15, 2008)*.*

The Eleventh Circuit recently affirmed the district court's decision in *Junkin* and held that the provision at issue is, indeed, a mandatory forum selection clause. *See Emerald Grand, Inc. v. Junkin,* 2009 WL 1783986 (11th Cir. June 24, 2009). By order dated July 29, 2009, I gave the parties fourteen (14) days to file a short memorandum setting forth their position on whether *Junkin* requires that this case be dismissed. The defendant filed a memorandum stating that *Junkin* involved the "identical issue and identical contractual provisions" and, therefore, the opinion "is dispositive in this case."

The plaintiff did not file any response.

I agree with the defendant that *Junkin* is dispositive and that this case must be dismissed. Indeed, the Eleventh Circuit expressly held that the forum selection clause *sub judice* is mandatory and that, as such, it "*mandates* that the 'Okaloosa Courts' will be the venue for *any* dispute, proceeding, suit or legal action concerning the interpretation, construction, validity, enforcement, performance of, *or related in any way to* this Contract." *Id.* at *2 (emphasis added).

Accordingly, the stay previously entered in this case is hereby LIFTED, and the defendant's motion to dismiss (doc. 7) is GRANTED, to the extent that it is based of the forum selection clause. The Clerk is directed to close this case.

DONE and ORDERED this 13th day of August, 2009.

*/s/ Roger Vinson*
ROGER VINSON
Senior United States District Judge